## AFFIDAVIT OF SCOTT G. KOHLER

I, Scott G. Kohler having been duly sworn, do hereby depose and state the following:

1.  I am a Special Agent of the United States Secret Service, Department of Homeland Security ("the Secret Service"), a position I have held since May 8, 2000. I am currently assigned to the Boston Field Office in the New England Electronic Crimes Task Force.

I have received specialized training in protection and security for various members of the Executive Branch, their dependents, heads of state, and various other persons. I have also received specialized training in the investigation of various federal crimes including, but not limited to: counterfeit checks, counterfeit United States Currency, bank fraud, and credit card fraud. Since I have began my career, I have been involved in a number of cases involving credit card fraud.

2.  As a Secret Service Agent, I am aware that (1) Title 18, United States Code, §1029(a)(2) provides that it is unlawful for anyone knowingly, and with intent to defraud, to use one or more unauthorized access devices during any one-year period, and by such conduct obtain anything of value aggregating $1000 or more during that period and; (2) Title 18, United States Code, §1029(a)(3) provides that it is unlawful for anyone knowingly,

and with intent to defraud, to possess fifteen or more devices which are counterfeit or unauthorized access devices[1].

3. This affidavit is based on information from agents and officers from the United States Secret Service New England Electronic Crimes Task Force and the Marlborough Police Department, as well as information gathered through my own investigation. However, this affidavit is not intended to set forth all of the information that I and other law enforcement personnel have learned during the course of this investigation but that which is sufficient to set forth probable cause in support of an application for a criminal complaint charging (1) STEVEN TAI, a/k/a Steve MA, date of birth 10/3/83, social security number \*\*\*-\*\*-6255 ("TAI") with a last known address of 2263 Coney Island Ave, Brooklyn, NY, and (2) EDWARD Y. HAN, a/k/a Joseph Lee, a/k/a Peter Kim, date of birth 11/9/82, social security number of \*\*\*-\*\*-1930, with a last known address of 142 Caryl Avenue, Yonkers, NY, with violations of Title 18, United States Code, Sections 1029(a)(2) and (a)(3).

*FACTUAL BACKGROUND*

---

[1] The term "access device" is defined at 18 U.S.C. §1029(e)(1) and in relevant part is defined as "any card, plate, code, account number ...or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value."

4. On December 11, 2004, Marlborough Police ("MPD") were summonsed to the Best Buy Store, located at 769 Donald Lynch Blvd., Marlborough, MA, by store security personnel. The store security personnel observed an Asian male in the store who matched the description and resembled the picture displayed in the Best Buy Store of a suspect wanted in questioning for a past larceny at the Best Buy in Marlboro in April of 2004.

5. When MPD Officer Anthony Evangelous arrived at the store, Best Buy Store Security Officer Justin Collard ("Collard") informed him that the suspect had just left the store and entered the passenger-side of a black Acura motor vehicle with NY Registration Number CEV 2578. Officer Evangelous stopped the vehicle in the parking lot of the Best Buy store. Collard then brought Officer Evangelous the advisory paper with a photo of a suspect named "Peter Kim". "Kim" was suspected in a prior Best Buy larceny using a fraudulent credit card committed on April 27, 2004.

6. Officer Evangelous, along with MPD Officer Matthew Hassapes, approached the vehicle. Officer Evangelous approached the driver's side while Officer Hassapes approached the passenger-side of the motor vehicle. Officer Hassapes noted that the passenger closely resembled the photo in the advisory notice. The passenger produced a New York Drivers license in the name of

"Joseph Lee" and stated that he just made a cash purchase of a Nikon camera in the Best Buy Store.

7.  At this time, however, Collard advised that the transaction in question involved a credit card. Best Buy employees produced a credit card receipt for a Nikon digital camera and a four-year warranty, totaling $1,514.98, purchased by a "Joseph Lee" on this day.

8.  When Officer Hassapes questioned the passenger regarding the purchase, the passenger stated that he could not produce a receipt showing he paid cash because he ripped up the receipt and threw it away when he exited the store. Officer Hassapes told the passenger that his story did not make sense. The passenger then admitted to Officer Hassapes that the purchase was made using a fraudulent credit card.

9.  At this time, the passenger placed under arrest, advised of his Miranda Rights, and placed in the cruiser for transport. At this point, his true identity was not yet known.

10.  Officer Hassapas then joined Officer Evangelous at the driver's side of the motor vehicle. The driver was still in the Acura motor vehicle. After being advised of his rights by Officer Hassapas, the driver denied any involvement and claimed that he never left the motor vehicle. He further stated that the

4

passenger was going to give him something for driving him to Boston, MA from New York.

11.  Officer Hassapas went back to the cruiser and asked the passenger what was the driver's role in this transaction. The passenger told Officer Hassapas that he was going to pay the driver $200.00 to drive him around to various Best Buy locations in Massachusetts to make fraudulent purchases.  At this time, Officer Hassapas re-approached the motor vehicle, still occupied by the driver, and re-questioned him regarding these transactions. The driver then admitted that he was supposed to be paid $200 to drive the passenger around to various Best Buy locations.  At this time, the driver was placed under arrest, advised of his Miranda Rights, and placed in the cruiser for transport.  The driver subsequently admitted that the passenger was making fraudulent purchases at the various stores.

12.  A search of the driver subsequent to his arrest revealed a receipt from the Marlborough Best Buy Store, dated 12/11/04, in the amount of $656.22, using a credit card in the name of "Steve Ma".  In addition, a New York Driver's License, in the name of "Steve Ma", was also discovered on the driver's person.

13.  Additionally, a search of the vehicle incident to the arrest of the driver and the passenger revealed thirty-four (34)

5

credit cards in the names of "Joseph Lee", "David Kim", "Steve Ma", and "Steve Tai". The aforementioned credit cards were located in the glove compartment of the motor vehicle in a white envelope; in a white napkin in the driver's side-door pocket; and in a black wallet on the passenger side.

An additional thirteen (13) credit cards were found in the possession of the driver and the passenger. Many of the credit cards had a small white sticker on them with a date, a dollar amount "used" and a dollar amount "dec".

The passenger told police that the credit cards were fake and stated that he received them from an individual in New York that he refused to identify. He further stated that the white stickers indicated the date the credit card was last used, how much was purchased with the credit card, and how much was declined with the credit card.

14. In addition, several Internet-generated "Map quest" maps were located in the motor vehicle showing locations and directions of several Best Buy Stores in the New England area. Two (2) Nikon D70 digital cameras, a Samsung LCD monitor, a Sony DSCT1 digital camera, and a Toshiba laptop were also discovered in the trunk of the motor vehicle.

15. The two individuals were transported to the Marlborough Police Department for booking. Both were given copies of the

Miranda warnings which they read, and signed, indicating they understood their rights.

16. During the booking procedure, the passenger claimed that his true identity was EDWARD HAN and produced another New York driver's license in that name. Additionally, the driver identified himself as STEVEN TAI and produced another New York driver's license in that name.

17. From December 14, 2004 to January 7, 2005, United States Secret Service Special Agent Dean Tramontana, of the Boston Field Office New England Electronic Crime Task force, conducted a subsequent investigation into the aforementioned credit cards found in the possession of Steven Tai and Edward Han. Tramontana's investigation revealed that forty-five (45) of the forty-seven (47) credit cards found in the possession of Han and Tai were unauthorized access devices. Tramontana's investigation revealed the following: The credit cards contain genuine account holder information which was obtained without authorization and through fraudulent means. The information from genuine account holders was used to create an unauthorized access device in the names of Joseph Lee, Steven Ma, and David Kim. For example, the account number, which appears on the front of each of the forty-five credit cards, and the tracking number which is information found within the magnetic

stripe on the back of the card, did not match the issuing bank's numbers. When used, the credit card purchase would be charged to the genuine account holder's account.

Tramontana's investigation with the numerous merchant credit cards companies, such as Chase Manhattan, MBNA, Household Bank, Bank One, Citibank, Advanta Bank, American Express, Bank of America, Branch Banking and Trust, Capitol One, Commerce Bank, EDS Credit Union, FAA First Federal Credit Union, Hutchinson Credit Union, HSBC Bank, Merrill Lynch, National Citibank, Northwest Federal Credit Union, USAA Federal Savings Bank, and US Bank National Association, revealed a total loss of $37,219.84.

CONCLUSION

18. Based on the foregoing facts, to the best of my knowledge and belief, there is probable cause to believe that on or about December 11, 2004, 1) STEVEN TAI, a/k/a Steve MA, (2) EDWARD Y. HAN, a/k/a Joseph Lee, a/k/a Peter Kim, did knowingly and with intent to defraud, use one or more unauthorized access devices during any one-year period, and by such conduct obtain anything of value aggregating $1000 or more during that period and did knowingly possess fifteen or more access devices which

are counterfeit or unauthorized with intent to defraud in violation of Title 18, United States Code, Section 1029(a)(2) and 18 U.S.C. §1029(a)(3).

_____
SCOTT G. KOHLER
Special Agent
United States Secret Service

Subscribed and sworn to before me this 27th day of January 2005.

_____
CHARLES B. SWARTWOOD, III
UNITED STATES MAGISTRATE JUDGE